CHRISTOPHER T. HOLLAND (SBN 164053)
SHAUN M. MURPHY (SBN 194965)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, 7th Floor
San Francisco, CA 94104
Telephone: (415) 249-8330
Facsimile: (415) 249-8333

Attorneys for Plaintiff
DOVEBID, INC.

ORIGINAL FILED

DEC 2 3 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOVEBID, INC., a California corporation,

    Plaintiff,

v.

NCR CORPORATION, a Maryland corporation,

    Defendant.

Case No. C 02 5909 BZ

**COMPLAINT FOR DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff DoveBid, Inc. alleges as follows.

1. Plaintiff DoveBid, Inc. ("DoveBid") is a California corporation with its principal place of business in Foster City, California.

2. On information and belief, defendant NCR Corporation ("NCR") is a Maryland corporation with its principal place of business in Dayton, Ohio. On information and belief, NCR is the assignee of the patents at issue in this complaint (the "NCR Patents").

**JURISDICTION**

3. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, for a declaration pursuant to the patent laws of the United States, 35 U.S.C. § 1 et seq., that the NCR Patents are not infringed by DoveBid or are invalid or both.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of parties), and § 1338(a) (action arising under an Act of

KRIEG
KELLER
SLOAN
REILLEY &
ROMAN
LLP

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL
CASE NO.:

1

1  Congress relating to patents). On information and belief, this Court has personal jurisdiction
2  over NCR because NCR has constitutionally sufficient contacts with California so as to make
3  personal jurisdiction proper in this Court. In particular, on information and belief, NCR
4  conducts or solicits business within this district and elsewhere in California and derives
5  substantial revenue from the sales of its products and/or services within this district and
6  elsewhere in California.

## VENUE

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) & (c).

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Local Rule 3-2(c), the Intradistrict Assignment rules are inapplicable to this Complaint.

## GENERAL ALLEGATIONS

7. DoveBid is a global provider of capital asset disposition and related services, utilizing leading Internet technology.

8. NCR has alleged that various DoveBid services infringe the following patents, which are referred to collectively in this complaint as "the NCR Patents:"

(a) U.S. Patent No.6,026,403 (the "'403 Patent"), issued on or about February 15, 2000, entitled "Computer System for Management of Resources."

(b) U.S. Patent No. 5,951,643 (the "'643 Patent"), issued on or about September 14, 1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking Among Multiple Browsers."

(c) U.S. Patent No. 6,085,223 (the "'223 Patent"), issued on or about July 4, 2000, entitled "Method and Apparatus for Providing Database Information to Non-Requesting Clients."

(d) U.S. Patent No. 5,699,526 (the "'526 Patent"), issued on or about December 16, 1997, entitled "Ordering and Downloading Resources from Computerized Repositories."

(e) U.S. Patent No. 5,721,906 (the "'906 Patent"), issued on or about

KRIEG
KELLER
SLOAN
REILLEY &
ROMAN
LLP

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL
CASE NO.:                                                                          2

February 24, 1998, entitled "Multiple Repositories of Computer Resources, Transparent to User."

      (f)  U.S. Patent No. 5,832,496 (the "'496 Patent), issued on or about July 24, 2001, entitled "System and Method for Performing Intelligent Analysis of a Computer Database."

      (g)  U.S. Patent No. 6,151,601 (the "'601 Patent), issued on or about November 21, 2000, entitled "Computer Architecture and Method for Collecting, Analyzing and/or Transforming Internet and/or Electronic Commerce Data for Storage into a Data Storage Area."

9. True and correct copies of the face page of each of these patents are attached hereto as Exhibits A through G.

10. On April 30, 2002, Bruce A. Langos, Vice President of Business Operations and Intellectual Property Management at NCR, wrote to DoveBid identifying 13 NCR patents allegedly infringed by DoveBid. NCR subsequently sent a claim chart on July 22, 2002, analyzing 7 of the 13 patents. NCR claimed that DoveBid infringed the patents in the claim chart.

11. In the past four years, NCR has sued at least four different companies, alleging patent infringement of two or more NCR patents. By virtue of NCR's actions, DoveBid reasonably believes that NCR intends to sue it for infringing the NCR Patents.

12. DoveBid denies that it infringes any valid claim of any of the seven NCR Patents.

13. An actual and justiciable controversy exists between NCR and DoveBid concerning whether DoveBid infringes any valid claim of the NCR Patents. DoveBid now seeks declaratory judgment that it does not infringe any valid claim of the NCR Patents.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief as to the '403 Patent)**

14. DoveBid incorporates by reference paragraphs 1 through 13 above as though

fully set forth herein.

15. DoveBid is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '403 Patent as properly construed.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief as to the '643 Patent)

16. DoveBid incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

17. DoveBid is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '643 Patent as properly construed.

## THIRD CLAIM FOR RELIEF
### (Declaratory Relief as to the '223 Patent)

18. DoveBid incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

19. DoveBid is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '223 Patent as properly construed.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Relief as to the '526 Patent)

20. DoveBid incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

21. DoveBid is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '526 Patent as properly construed.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Relief as to the '906 Patent)

22. DoveBid incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

23. DoveBid is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '906 Patent as properly construed.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Relief as to the '496 Patent)

24. DoveBid incorporates by reference paragraphs 1 through 13 above as though

fully set forth herein.

25. DoveBid is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '496 Patent as properly construed.

### SEVENTH CLAIM FOR RELIEF
### (Declaratory Relief as to the '601 Patent)

26. DoveBid incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

27. DoveBid is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '601 Patent as properly construed.

### PRAYER FOR RELIEF

WHEREFORE, DoveBid prays for relief against NCR as follows:

(a) For a declaration that DoveBid does not infringe any valid claim of any of the four NCR Patents;

(b) For a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award to DoveBid of its attorneys' fees and expenses in this action; and

(c) For such other relief as the Court may deem just and proper.

### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

28. Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no other interest to report.

Dated: December 23, 2002            KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: _____
SHAUN M. MURPHY
Attorneys for Plaintiff
DOVEBID, INC.

KRIEG
KELLER
SLOAN
REILLEY &
ROMAN
LLP

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL
CASE NO.:                                                                                          5

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), DoveBid hereby demands a trial by jury of all issues so triable in this action.

Dated: December 23, 2002

KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: _____
SHAUN M. MURPHY
Attorneys for Plaintiff
DOVEBID, INC.

KRIEG KELLER SLOAN REILLEY & ROMAN LLP

42491
cholland
99999-2005

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL
CASE NO.:

6